IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE JOHNS HOPKINS UNIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 15-525-SLR/SRF |
| ) | |
| ALCON LABORATORIES, INC. and ) | |
| ALCON RESEARCH, LTD., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of July, 2017, having reviewed the objections filed by plaintiff (D.I. 173) to the memorandum order issued by Magistrate Judge Fallon on June 7, 2017 (D.I. 171), as well as the response thereto submitted by defendants (D.I. 178), the court issues its decision as follows:

1. **Background.** When written objections have been submitted in connection with a magistrate judge's ruling on a pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Plaintiff, The Johns Hopkins University ("JHU"), is the owner of U.S. Pat. No. 7,077,848 ("the '848 patent"), entitled "Sutureless occular surgical methods and instruments for use in such methods," which was filed on March 11, 2000 and issued on July 18, 2006. JHU has sued defendants Alcon Laboratories, Inc. and Alcon Research, LTD (collectively, "Alcon"), alleging infringement of the '848 patent. (D.I. 13 at ¶¶ 17-68) JHU contends, inter alia, that Alcon's infringement of the '848 patent is willful. (D.I. 13 at ¶¶ 46-52) In response to the willfulness claim, Alcon has asserted an advice of counsel defense and has produced opinion letters from 2006 and 2007. (*See* D.I. 123,

ex. 11 (disclosing Alcon's opinion of counsel defense); ex. 16 (providing a detailed first opinion, including claim charts, on Dec. 15, 2016); ex. 17 (supplementing opinion on May 30, 2007 in light of changes in the law)) JHU requested all documents related to the opinion of counsel. (D.I. 123 at 3) Alcon objected and instead produced a log of privileged documents for the time frame from 2009 until 2015. (D.I. 123, exs. 19, 20) After a discovery hearing on January 9, 2017, Judge Fallon requested supplemental briefing, and the parties submitted letter briefs clarifying their positions. (D.I. 132, 133) JHU stated its position as follows:

> [Alcon] should be ordered to promptly produce all documents relating to the subject matter of the opinions on which they rely—claim construction, non-infringement and invalidity of the '848 Patent. *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). This waiver extends to all persons sending or receiving such communications, including outside and in-house counsel, and extends from the first such communications in 2002 to the present day. The waiver also reaches documents not communicated to Defendants, but which reference a communication between counsel and Defendants concerning the subject matter of the opinions. *In re Echostar Comm. Corp.*, 448 F.3d 1294 (Fed. Cir. 2006).

(D.I. 133 at 1) Alcon asserted a separate waiver argument, namely that JHU had waived privilege by placing its pre-suit investigation at issue. (D.I. 132 at 1-3) According to Alcon, "fairness" and consistency requires that "the scope of waiver should be consistently applied to Alcon's opinion of counsel and to JHU's pre-suit investigation." (D.I. 132 at 4)

  2. Magistrate Judge Fallon ruled on the discovery dispute on June 7, 2017, denying Alcon's motion and granting-in-part and denying-in-part JHU's motion. (D.I. 171) Relying on Fed. R. Evid. 50(a), Magistrate Judge Fallon ordered Alcon to produce specific documents identified by JHU as well as "any additional documents listed in its privilege log [for the years 2009-15] that concern the subject matter of the advice of counsel and ought in fairness be considered together." (D.I. 171 at 6) In response to JHU's request for the court to follow the scope of waiver outlined in *Seagate*, 497 F.3d

2

at 1360, Magistrate Judge Fallon explained that "this court has held that Rule 502 requires a more narrow scope of waiver." (D.I. 171 at 6 n.3, citing *Hawk Mountain LLC v. Mirra*, 2016 WL 690883, at *1-2 (D. Del. Feb. 19, 2016), and *Shionogi Pharma, Inc. v. Mylan Pharm., Inc.*, 2011 WL 6651274, at *3-4 (D. Del. Dec. 21, 2011)) JHU charges that Magistrate Judge Fallon erred "in applying [] Rule 502 to the exclusion of a well-defined body of controlling Federal Circuit case law on the same issue." (D.I. 173 at 7-8) Alcon contends that the parties meet and confer process "is ongoing" and that, therefore, "JHU's objections are premature." (D.I. 178 at 7) Moreover, Alcon avers that waiver should not extend to documents and communications from before the issuance of the '848 patent or after the filing of the complaint. (D.I. 178 at 7-10)

      3. **Analysis.** When a party discloses "a communication or information covered by the attorney-client privilege or work-product protection," the rules of evidence define the scope of waiver as follows:

> When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a). Magistrate Judge Fallon cited to the advisory committee's notes as to the 2008 amendment of Rule 502, which concluded that "subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner." Fed. R. Evid. 502, Advisory Committee Notes. Alcon argues that "[t]he Federal Circuit has explained that Rule 502(a) 'limited the effect of waiver by strongly endorsing fairness balancing.'" (D.I. 178 at 5-6, citing *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1369 (Fed. Cir. 2012)). However, *Wi-LAN* relates to the scope of waiver associated with an attorney's infringement analysis included in a demand letter sent prior to litigation. Of

3

the two cases from this court cited by Magistrate Judge Fallon, one was a contract case[1] and the other involved antitrust claims in a patent case.[2] Alcon contends that "Rule 502 was intended to set forth a national standard to govern waiver, not to be applied in a context-dependent manner."[3] (D.I. 178 at 6)  However, law is inherently "context dependent," and the rules contemplate this context by applying the waiver to "disclosed and undisclosed communications or information concern[ing] the same **subject matter**." Fed. R. Evid. 502(a)(2) (emphasis added).

    4. Moreover, this aspect of *Seagate* is still good law. JHU points to the "Statement of Congressional Intent" as to Rule 502, which states that:

> [Section 502(a)] does not alter the substantive law regarding when a party's strategic use in litigation of otherwise privileged information obliges that party to waive the privilege regarding other information concerning the same subject matter, so that the information being used can be fairly considered in context.  One situation in which this issue arises [is] the assertion as a defense in patent-infringement litigation that a party was relying on advice of counsel . . . . In this and similar situations, under subdivision (a)(1) the party using an attorney-client communication to its advantage in the litigation has, in so doing, intentionally waived the privilege as to other communications concerning the same subject matter, regardless of the circumstances in which the communication being so used was initially disclosed.

(D.I. 173 at 8 (emphasis omitted), citing Fed. R. Evid. 502, Addendum to Advisory Committee Notes)  In other words, the rules state that in this specific area of patent law, there is a broad subject-matter waiver that is not subject to fairness balancing as applied elsewhere in the rules.  In this court's experience, unlike other areas of the law, patent litigation is especially complex, often turning on expert witnesses assisting the

---

[1] *Hawk Mountain*, 2016 WL 690883 at *1-2.

[2] *Shionogi Pharma*, 2011 WL 6651274 at *3-4.

[3] Effectively, Alcon argues that *Seagate*, which defines waiver in a specific context, is no longer good law.

court in construing patent claims. Claim construction can be dispositive of infringement and can also lead to invalidity. Thus, it is difficult to separate these legal issues during discovery and before the court has formally construed the claims.

5. To determine what, in fairness, ought to be considered in the context of an opinion letter in a patent case, it makes sense to look at *Seagate*. According to the Federal Circuit,

> relying on in-house counsel's advice to refute a charge of willfulness triggers waiver of the attorney-client privilege. . . . [and] asserting the advice of counsel defense waives work product protection and the attorney-client privilege for all communications on the same subject matter, as well as any documents memorializing attorney-client communications.

*Seagate*, 497 F.3d at 1370 (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299-1303 (Fed. Cir. 2006)). The Court explains further that "[t]his broad scope is grounded in principles of fairness and serves to prevent a party from simultaneously using the privilege as both a sword and a shield; that is, it prevents the inequitable result of a party disclosing favorable communications while asserting the privilege as to less favorable ones." *Id.* at 1372 (citing *EchoStar*, 448 F.3d at 1301).

6. Based upon Rule 502, the notes accompanying Rule 502, and the body of case law including *Seagate*, it is apparent that parties asserting an opinion-of-counsel defense to a willfulness claim in a patent infringement suit are subject to a broad subject-matter waiver of work product protection and attorney-client privilege relating to the opinion of counsel as to noninfringement and invalidity of an asserted patent.

THEREFORE, IT IS ORDERED that defendants are to produce all documents and communications, whether listed on defendants' privilege log or not, other than

5

6

communications with trial counsel, that address the '848 patent's validity or its infringement by defendants' products.

                                                                                                                             _____
                                                                                        Senior United States District Judge