# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE JOHNS HOPKINS UNIVERSITY, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>ALCON LABORATORIES, INC. and, :<br>ALCON RESEARCH, LTD. :<br>:<br>Defendants. : | C.A. No. 15-525-LPS-SRF |

## **MEMORANDUM ORDER**

At Wilmington this **8th** day of **November, 2017**:

Pending before the Court are Defendants Alcon Laboratories, Inc. and Alcon Research, Ltd.'s (collectively, "Alcon") motion for reargument and, in the alternative, motion for certification under 28 U.S.C. § 1292(b) (D.I. 185), as well as Alcon's motion for leave to file a reply in support of its motion for reargument (D.I. 190). For the reasons stated below, **IT IS HEREBY ORDERED** that Alcon's motions (D.I. 185, 190) are **DENIED**.

1. Plaintiff Johns Hopkins University ("JHU") sued Alcon for infringement and willful infringement of U.S. Patent No. 7,077,848 (the "'848 patent"). (D.I. 1) In response to the allegations of willful infringement, Alcon asserted an advice of counsel defense and produced two opinion letters, from 2006 and 2007. This prompted JHU to move to compel all additional documents related to the opinions. Alcon objected to JHU's request and produced only a log of privileged documents. The ensuing discovery dispute was heard by Magistrate Judge Fallon. (*See* D.I. 122; D.I. 123; D.I. 124) On June 7, 2017, Judge Fallon issued a memorandum order in

favor of JHU, but limiting Alcon's compelled production only to the specific documents identified by JHU and "documents listed in [Alcon's] privilege log that concern the subject matter of the advice of counsel . . . [that] ought in fairness to be considered together." (D.I. 171 at 6)

2. On June 20, 2017, JHU filed objections to Judge Fallon's Order, seeking a finding of a broader waiver than she had found. (D.I. 173) On July 5, 2017, Alcon filed its response. (D.I. 178) After reviewing the objections and responses, Judge Robinson sustained JHU's objections and ordered the production of "all documents and communications, whether listed on defendants' privilege log or not, other than communications with trial counsel, that address the '848 patent's validity or its infringement by defendants' products." (D.I. 184 ("Waiver Order") at 5-6)

3. On July 28, 2017, Alcon filed its motion for reargument of the Waiver Order and, in the alternative, motion for certification under § 1292(b). (D.I. 185) JHU filed its response on August 11, 2017. (D.I. 188) On August 18, 2017, Alcon filed its motion for leave to file a reply (D.I. 190), to which JHU has filed an opposition (D.I. 191).

4. Meanwhile, on July 31, 2017, following the retirement of the Honorable Sue L. Robinson from the bench, the case was reassigned to Judge Stark.

5. "Motions for reargument shall be sparingly granted." D. Del. LR 7.1.5. A motion for reargument under Rule 59(a) must rely on one of three grounds: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *See Flash Seats, LLC v. Paciolan, Inc.*, 2011 WL 4501320, at *1 (D. Del. Sept. 28, 2011), *aff'd*, 469 F. App'x 916 (Fed. Cir. 2012).

2

6. Alcon bases its motion for reconsideration on the third of these grounds, asserting that the Waiver Order "clearly errs as a matter of law" because it extends Alcon's privilege waiver to post-suit communications and work product from in-house counsel, and also to communications from before the patent issued. (D.I. 185 at 3) Alcon has not met its burden to demonstrate that reconsideration is warranted.

7. Turning to Alcon's particular arguments, Alcon contends that Judge Robinson "appears to have overlooked or misapprehended" Alcon's contention that privilege is not waived for post-suit or pre-issuance communications and work product. (*Id.* at 7, 9) However, the Waiver Order expressly notes these arguments, stating: "Alcon avers that waiver should not extend to documents and communications from before the issuance of the '848 patent or after the filing of the complaint." (Waiver Order at 3) That the Waiver Order ultimately concludes that JHU is entitled to such communications is no evidence that the arguments against such a result were "overlooked or misapprehended."

8. Alcon argues that its in-house counsel "performs a similar function as trial counsel (advising the corporate client regarding litigation strategy)," and, therefore, "the Court should have followed *Seagate's* guidance and excluded post-suit communications from Alcon's in-house counsel from the waiver, or at least addressed Alcon's arguments." (D.I. 185 at 7) Contrary to Alcon's assertions, *Seagate*[1] did not "draw[ ] a bright line against discovery of post-suit communications that are not with opinion counsel or relating to a post-suit opinion." (*Id.*) Rather, the Federal Circuit stated in *Seagate* that while "the significantly different functions of

---

[1] *In re Seagate Tech., LLC*, 497 F.3d 1360, 1373-75 (Fed. Cir. 2007), *abrogated by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).

3

trial counsel and opinion counsel advise against extending waiver to trial counsel, . . . [w]e do not purport to set out an absolute rule. Instead, trial courts remain free to exercise their discretion in unique circumstances to extend waiver to trial counsel . . . ." *Id.* at 1373-75. Alcon identifies no basis to conclude that Judge Robinson abused her discretion in applying these principles to this case or to the "unique circumstances" of Alcon's in-house counsel (even accepting that the in-house counsel involved here are similar to trial counsel).

9. Nor has Alcon identified any clear error of fact or law in the Waiver Order's finding that, "in this specific area of patent law, there is a broad subject-matter waiver that is not subject to fairness balancing as applied elsewhere in the rules." (Waiver Order at 4) The Waiver Order considered and rejected the same arguments Alcon makes now in attempting to limit the waiver's scope, and concluded that "it is apparent that parties asserting an opinion-of-counsel defense to a willfulness claim in a patent infringement suit are subject to a broad subject-matter waiver of work product protection and attorney-client privilege relating to the opinion of counsel as to noninfringement and invalidity of an asserted patent." (*Id.* at 5) Alcon has not met the stringent standards for obtaining reconsideration of this conclusion.

10. Additionally, Alcon contends that "pre-patent conduct is irrelevant to willful infringement." (D.I. 185 at 9) (citing *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)) The Court finds no clear error in ordering that the waiver extends to pre-patent conduct. *See Idenix Pharm. LLC v. Gilead Scis., Inc.*, 2016 WL 7380530, at *1 (D. Del. Dec. 4, 2016) ("Nor is the Court persuaded that the law absolutely precludes pre-patent conduct from being probative of willfulness . . . .").

11. As alternative relief, Alcon requests that the Court certify the Waiver Order for

4

appeal under § 1292(b). Certification of a district court order for an interlocutory appeal is appropriate "[w]hen a district judge . . . [is] of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Waiver Order does not implicate a controlling question of law. Rather, it resolved a discovery dispute between the parties. Immediate appeal would not materially advance the ultimate termination of the litigation but would, instead, almost certainly delay resolution. Moreover, no "exceptional circumstances" are presented here that warrant deviation from the final judgment rule. *See generally Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.").

12. Finally, Alcon moves for leave to file a reply brief in support of its motion for reargument, contending that JHU's response "present[ed] new arguments, facts, and case law that were never presented to this Court," to which Alcon deserves the opportunity to respond. (D.I. 190 at 1) JHU's purported "new facts" relate to its characterization of Alcon's in-house counsel, Mr. Barry Copeland, as being "directly involved in drafting" the opinion letters from which the waiver arises. (*See* D.I. 190-1 at 1) Alcon asserts that, instead, Mr. Copeland was only a point of contact. (*Id.* at 2) As is evident from the Court's analysis above, whether Mr. Copeland was only a point of contact – and not directly involved in drafting – or was directly involved in drafting the opinion, does not impact the Court's decision to deny the motion for reconsideration. Mr. Copeland's communications with outside counsel may still be relevant to the opinion letters,

5

and thus, discoverable, regardless of his role. The Court sees no basis to deviate from its standard practice to limit briefing on motions for reconsideration only to an opening and answering brief. *See* D. Del. LR 7.1.5(a) ("The Court will determine from the motion and answer whether reargument will be granted.").

                                                          _____
                                                          HONORABLE LEONARD P. STARK
                                                          UNITED STATES DISTRICT JUDGE