# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**JACK B. BLUMENFELD**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

June 5, 2018

The Honorable Lawrence F. Stengel                VIA ELECTRONIC FILING
United States District Court
   for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 14613
Philadelphia, PA 19106

      Re:    *The Johns Hopkins University v. Alcon Laboratories, Inc., et al.*
              C.A. No. 15-525 (LS) (SRF) District of Delaware

Dear Chief Judge Stengel:

      We represent Alcon in this matter and write in response to JHU's letter submitted earlier today about setting the trial date.

      Alcon respectfully requests that any discussions relating to setting of a trial date be deferred until after the motions *in limine* and for reconsideration have been decided. As detailed below, the outcome of these motions will affect not only the scope and length of trial, and the testimony of the witnesses, but will also affect the remaining pretrial discovery to be completed. Alcon respectfully submits that it would be better to resolve these issues first, and to have a more concrete understanding about the scope of trial and then set the trial date—as opposed to setting a trial date now, which may have to be changed, further disrupting planning and scheduling.

      Although JHU notes the age of the case, there is no need to sacrifice the merits to speed. JHU delayed filing suit for nearly a decade, does not make a competing product, is seeking damages through patent expiration, and has not sought preliminary injunctive relief.

      Moreover, JHU has continually delayed the progress of this case. JHU's damages expert has issued (without leave of Court) a "supplemental" report after certain evidence was stricken during the *Daubert* proceedings—on JHU's own motion. Alcon is concerned that he will do so

The Honorable Lawrence F. Stengel
June 5, 2018
Page 2

again in the future, and does not know whether JHU will seek to supplement the reports of any of its other experts based on the outcome of the motions *in limine*.

Similarly, JHU has repeatedly delayed the deposition of Alcon's retired in-house counsel, Mr. Barry Copeland, while seeking the production of Alcon's litigation-related, privileged in-house documents, most of which were created after Mr. Copeland retired. Although the Court recently resolved that dispute in Alcon's favor, JHU has again declined to depose Mr. Copeland, pending a ruling on JHU's motion for reconsideration.

Alcon further notes that on its equitable estoppel defense, JHU appears to be taking the position that to the extent there are any fact issues, they should be resolved by the Court and not the jury. Alcon seeks the Court's guidance on this issue, because Alcon's equitable estoppel defense is a case-dispositive issue: it would preclude JHU from securing relief as a matter of equity even if the patent were held to be valid and infringed. To the extent JHU seeks to resolve issues sooner rather than later, Alcon proposes that the Court consider whether this is an issue that will be resolved by the Court or by the jury, and if the former, whether it should be tried first, as resolution in Alcon's favor would obviate the need for a jury trial.

Alcon is, of course, prepared to discuss these and any other scheduling issues at a time convenient to the Court and the parties, either in person or by telephone.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)


JBB/bac

cc: Clerk of the Court (by hand delivery)
      All Counsel of Record (by e-mail)