IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE JOHN HOPKINS UNIVERSITY, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 15-525-MSG |
| ALCON LABORATORIES, INC. and ALCON RESEARCH, LTD. | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Currently pending before me is a dispute regarding the construction of the term "corrective procedure for the retina" found in claim 25 of U.S. Patent No. 7,077,848 ("the '848 patent"). Claim 25 states in its entirety:

> A method for treating a posterior segment of an eye comprising the steps of:
>
> (a) providing a plurality of entry alignment devices, each entry alignment device being configured so as to provide an entry aperture in each of the conjunctiva and sclera of the eye and maintaining the entry aperture in each of the conjunctiva and sclera aligned during the surgical procedure;
>
> (b) inserting each of the plurality of entry alignment devices into the eye, where said inserting is accomplished without pulling back the conjunctiva; and
>
> (c) implementing **a corrective procedure for the retina**.[1]

(D.I. 415-1, Ex. 1 at 23:63-24:7). Although this case is in its final stages, with trial pending, this construction dispute apparently arose during expert discovery when Plaintiff's expert, Dr. Haller.

---

[1]  Letter bulleting—i.e., (a), (b), (c)—has been added by the court for convenience.

testified that a corrective procedure for the retina is "anything that enables the retina to perform that function." (D.I. 431-1 at 7).

The proposed construction of Plaintiff John Hopkins University is: "Performing a surgical procedure in the posterior segment of the eye to improve the function of the retina."[2] (D.I. 431; D.I. 432). The proposed construction of Defendants Alcon Laboratories, Inc. and Alcon Research, Ltd. ("Alcon") is:

> A procedure performed to: fix, reattach, treat, or otherwise repair diseased, inflamed, detached or deformed retinas/retinal tissues, including through the physical manipulation of such retinal tissues. Such procedures do not include procedures performed in the eye that merely increase the number or amount of light photons able to reach otherwise healthy retinal tissue.[3]

(D.I. 431; D.I. 432). A telephonic *Markman* hearing was held on January 8, 2019 followed by an in-person *Markman* hearing on January 22, 2019. (D.I. 429; D.I. 430). The parties have also submitted letter briefs regarding their proposed construction. (D.I. 414; D.I. 415; D.I. 418; D.I. 419).

Alcon asserts that "a 'corrective procedure for the *retina*' should be limited to a procedure to correct the *retinal tissues*, by actually acting upon them, not some other eye tissue that may indirectly impact the ability of the retina to receive light." (D.I. 415 at 4 (emphasis in original)). According to Alcon, if the claim term is not limited in the manner it advocates, then "turning on

---

[2] John Hopkins initially proposed a different construction, which it revised before the January 22, 2019 hearing: "Any procedure that [1] corrects problems with the retina or [2] addresses conditions within the eye that are impacting the ability of the retina to function properly." (D.I. 415 at 3).

[3] Alcon initially proposed a different construction, which it also revised before the January 22, 2019 hearing: "Any procedure performed to correct the retinal tissues." (D.I. 415 at 3).

2

the lights would qualify."[4] (D.I. 415 at 4). John Hopkins raises several arguments, based on the intrinsic evidence, as to why the claims are not limited to only acting upon the retinal tissue, which I find persuasive. (D.I. 430). Therefore, I will adopt John Hopkins' construction for the following reasons.

First, claim 25 uses the preposition "for," rather than "to" or "on." The use of the preposition "for" reflects a broader meaning than the construction that Alcon advocates. Adopting Alcon's construction would in effect replace "for the retina" with "to/on the retina," which is not in keeping with the claim language.

Second, "under the doctrine of claim differentiation, dependent claims are presumed to be of narrower scope than the independent claims from which they depend." *Alcon Research, Ltd. v. Apotex, Inc.*, 687 F.3d 1362, 1367-68 (Fed. Cir. 2012). Claim 26, which depends from independent claim 25, explains that the corrective procedure may be performed by inserting a variety of instruments through the entry apertures and just "removing vitreous gel...." (D.I. 415-1, Ex. 1 at 24:8-16). Because the procedure for removing vitreous gel never touches the retinal tissue (D.I. 430 at 15-18, 37), claim 25 and claim 26 do not work together unless claim 25 includes a procedure that does not touch the retinal tissue.[5]

---

[4] Some of the revisions in John Hopkins proposed construction were made to clarify that such an absurdity would not be captured by claim 25.

[5] Alcon relies on the doctrine of claim differentiation to argue that claim 25 cannot be differentiated from claim 38 unless the court adopts its proposed construction. (D.I. 415 at 4-5). Because the preambles of the claims 25 and 38 are not directed to the same subject matter—claim 38 is directed to "a method for providing access within fill eye during an ocular surgical procedure"—I am not persuaded by this argument.

3

Lastly, several parts of the patent specification support John Hopkins' construction by recognizing that the patented claims may be applied to procedures that do not act upon the retinal tissue. For example, the description of the preferred embodiments includes the following caveat:

> "Although the following describes the methodology of the present invention in terms of a vitreoretinal surgical procedure, it should be recognized that **other surgical procedures can adapt the methodology** of the present invention so as to yield other types of sutureless surgical procedures, such other surgical procedures includes, but is not limited to fluid gas exchange, vitreous hemorrhage, vitrectomy, macular hole and diabetic membrane peeling."

(D.I. 415-1, Ex. 1 at 5:29-39; *see also Id*. at 7:1-8 (describing "treating a retinal tear or detachment or **otherwise treating the posterior segment of the eye**" (emphasis added)).

For all of the above reasons, **IT IS HEREBY ORDERED** that the claim term "corrective procedure for the retina" shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) as follows: **"performing a surgical procedure in the posterior segment of the eye to improve the function of the retina."**

Dated: January 30th, 2019

_____
MITCHELL S. GOLDBERG
UNITED STATES DISTRICT JUDGE